**Robert KRUCHTEN, Appellant,**

v.

**REICHERT BUS SERVICE, INC., Respondent.**

No. C7-85-2296.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Patrick M. Krueger, Brainerd, for appellant.

Richard R. Quinlivan, Kent Holmberg, St. Cloud, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ.

### OPINION

CRIPPEN, Judge.

Appellant Robert Kruchten, a student when the incident here occurred, was injured by a bus driver who removed him forcibly from the bus in which he was a passenger. Kruchten brought suit against the driver's employer, and the jury awarded him $5000 after finding that the driver used unreasonable force and that such unreasonable force directly caused appellant's injuries. Kruchten appeals, claiming the jury award is insufficient. We affirm.

### FACTS

On May 1, 1981, appellant Robert Kruchten, age 15, was riding on a school bus driven by Mary Tautges. Following Tautges' bus was a bus driven by Lonnie Goble. Both Tautges and Goble were employed by

respondent Reichert Bus Service. Appellant was seated at the rear of the bus. He turned to face the Goble bus and began mouthing obscenities and making obscene gestures in the direction of Goble's bus. Appellant testified at trial that he was gesturing towards his cousin, Mike Kruchten, who was seated near the front of Goble's bus.

The Tautges bus stopped to allow some passengers to exit, and Goble's bus passed the Tautges bus. Goble stopped his bus, and Tautges pulled up behind him. Goble exited his bus, entered the Tautges bus, and asked appellant to come forward. Appellant refused, so Goble grabbed him and removed him forcibly from the bus. Appellant claims that once they were outside, Goble slammed his head into the side of the bus. Goble claims the two only talked about the gestures appellant made and that he did not injure appellant. Goble then allowed appellant to return to the bus; appellant told Goble that his older brothers were going to get revenge on him. Appellant then stumbled back onto the bus, fracturing his finger in the process.

Witnesses who observed appellant when he got back on the bus testified that he appeared to be shaken and angry but not injured. No one witnessed Goble battering appellant.

Appellant received medical treatment the next day for his finger. Medical personnel also X-rayed his head and jaw. Appellant was diagnosed as having a bruise on his jaw. No other injuries were diagnosed.

In July 1981, appellant began seeing Dr. Joseph Resch, a neurologist, because of headaches. Appellant told Dr. Resch that Lonnie Goble had injured him in the May 1 accident. Relying on appellant's statement, Dr. Resch diagnosed appellant as suffering from "post-concussion syndrome" and related it to the May 1 incident.

During the next several months, appellant consulted with numerous medical authorities and participated in a number of intelligence and mental health tests. Testing indicated that appellant suffered from a depressive disorder, that he had some memory loss, and that his IQ had decreased from the time he was first tested while in the second grade. Appellant claims that these symptoms all stem from the incident of May 1, 1981.

Appellant brought suit against Goble's employer, respondent Reichert Bus Service. The jury found that Goble used unreasonable force on appellant during the course of the incident of May 1, 1981, and that such force proximately caused injury to appellant. The jury awarded appellant $5000. Appellant made a motion to the trial court for additur or a new trial. The trial court denied the motion. Appellant claims the award is insufficient and appeals on the issue of damages.

## ISSUE

Did the trial court abuse its discretion by failing to award additur or failing to grant appellant a new trial?

## ANALYSIS

The trial court should grant a new trial only if the award of damages is so contrary to the preponderance of the evidence that it is clear the jury was improperly influenced or failed to consider all the evidence. *LaValle v. Aqualand Pool Co., Inc.*, 257 N.W.2d 324, 328 (Minn.1977).

A trial court's decision to deny a motion for a new trial will not be disturbed upon appeal absent a clear abuse of discretion. *Id.* In a case such as this, the trial court is in a better position than the appellate court to determine whether the jury was improperly influenced by passion and prejudice in the awarding of damages. *See id.*

There is evidence in this case that appellant suffered some injury as the result of his confrontation with Lonnie Goble. He suffered a broken finger, although appellant admitted while testifying that he broke the finger while reentering the bus on which he had been riding. He had a contusion on his jaw when first examined after the incident.

There is basis in the record, however, for a jury determination that appellant was entitled to only $5000 in damages. There was no compelling evidence Goble had actually caused any injuries to appellant's head: only appellant testified that had occurred. There is conflicting expert witness testimony: respondent's expert testified that appellant's symptoms were not linked to the incident with Lonnie Goble; appellant's experts, relying on appellant's assertion that Lonnie Goble had beaten and injured him, stated that appellant's symptoms were caused by the beating.

In addition, there is no substantial evidence that appellant had been so badly or permanently injured as to be entitled to a greater award: he is gainfully employed and hopes for the betterment of his position. The jury could have concluded from his demeanor and testimony at trial that appellant incurred no lasting debilitating injury.

The determination of the amount of a damage award is largely left to the discretion of the jury. *See Ramfjord v. Sullivan,* 301 Minn. 238, 245, 222 N.W.2d 541, 546 (1974). The trial court's decision to leave the damage award stand is largely discretionary and will not be disturbed unless there was a clear abuse of that discretion. *Id.* The evidence is not compelling for appellant's case, and there is sufficient evidence to require us to affirm the jury's decision.

### DECISION

The evidence in this case supports the jury's award. The trial court's denial of additur or a new trial was not an abuse of discretion.

Affirmed.